UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                      :

UNITED STATES OF AMERICA,           :

          -v-                       :           17-CR-167 (JMF)

ALEXANDER FERNANDEZ,         :        MEMORANDUM OPINION
                                                          :              AND ORDER
                   Defendant.           :

-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Defendant Alexander Fernandez, charged with a murder committed approximately seventeen years ago, moves (1) for immediate disclosure of (a) prior statements made to law enforcement by anyone "who was interviewed about" the murder; (b) the unredacted investigative file of the New York City Police Department ("NYPD"); and (c) *Brady* and *Giglio* material, including unredacted versions of certain witness statements previously disclosed by the Government or the identities of those witnesses; and (2) to preclude the introduction of prior statements that he made in connection with a federal prosecution in the Southern District of West Virginia. (Docket Nos. 27-29).[1] Based on a review of the parties' submissions (Docket Nos. 28, 31, 34, 36), and the Court's discussion with counsel at the conference held on November 6, 2017 (Docket No. 32 ("Tr.")), Fernandez's motion is DENIED.

      First, to the extent that Fernandez seeks disclosure of witness statements, including statements of potential co-conspirators, the motion is meritless. It is well established that there is

---

[1] Fernandez's motion also seeks early disclosure of evidence that the Government would seek to offer pursuant to Rule 404(b) of the Federal Rules of Evidence and immediate disclosure of any expert notice. (Docket No. 29 ("Fernandez Mem."), at 5-6). The Court addressed those requests (and set deadlines for the Government's disclosures) at a pretrial conference held on November 6, 2017. (Tr. 17). Accordingly, those requests are moot.

no obligation to disclose such statements prior to trial (unless they are subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972)); in fact, the Court cannot order early disclosure of statements subject to production under the Jencks Act. *See, e.g.*, 18 U.S.C. § 3500(a); *United States v. Coppa*, 267 F.3d 132, 145 n.10 (2d Cir. 2001) (Jencks Act); *In re United States*, 834 F.2d 283, 286 (2d Cir. 1987) (co-conspirator statements); *United States v. Percevault*, 490 F.2d 126 (2d Cir. 1974) (same).

For similar reasons, the Government is under no obligation to disclose the entire NYPD investigative file. The Government represents that it has disclosed "those portions of the file that fall under Rule 16" of the Federal Rules of Criminal Procedure. (Docket No. 31 ("Gov't Mem."), at 9). Most of the rest of the file consists of witness statements, which are not subject to disclosure for the reasons stated above. (*See id.*). And although Fernandez insists — based solely on the age of the murder at issue — that "justice demands" disclosure, the law is plain that "there is 'no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case.'" *United States v. Sessa*, 711 F.3d 316, 322 (2d Cir. 2013) (quoting *Moore v. Illinois*, 408 U.S. 786, 795 (1972)).

Next, to the extent that Fernandez seeks immediate disclosure of *Brady* and *Giglio* material, the motion is denied as moot. The Government represents that it is aware of, and has met or exceeded (or will meet), its obligations under those cases. (Gov't Mem. 3, 6; Tr. 13). (Notably, in a supplemental letter, the Government advises that it has now disclosed the identities of all the witnesses whose identities Ferndandez seeks in his motion. (Docket No. 36).) Accordingly, there is no basis for judicial intervention at this time. *See, e.g.*, *United States v. Ikoli*, No. 16-CR-148 (AJN), 2017 WL 396681, at *3 (S.D.N.Y. Jan. 26, 2017) (denying a

no obligation to disclose such statements prior to trial (unless they are subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972)); in fact, the Court cannot order early disclosure of statements subject to production under the Jencks Act. *See, e.g.*, 18 U.S.C. § 3500(a); *United States v. Coppa*, 267 F.3d 132, 145 n.10 (2d Cir. 2001) (Jencks Act); *In re United States*, 834 F.2d 283, 286 (2d Cir. 1987) (co-conspirator statements); *United States v. Percevault*, 490 F.2d 126 (2d Cir. 1974) (same).

For similar reasons, the Government is under no obligation to disclose the entire NYPD investigative file. The Government represents that it has disclosed "those portions of the file that fall under Rule 16" of the Federal Rules of Criminal Procedure. (Docket No. 31 ("Gov't Mem."), at 9). Most of the rest of the file consists of witness statements, which are not subject to disclosure for the reasons stated above. (*See id.*). And although Fernandez insists — based solely on the age of the murder at issue — that "justice demands" disclosure, the law is plain that "there is 'no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case.'" *United States v. Sessa*, 711 F.3d 316, 322 (2d Cir. 2013) (quoting *Moore v. Illinois*, 408 U.S. 786, 795 (1972)).

Next, to the extent that Fernandez seeks immediate disclosure of *Brady* and *Giglio* material, the motion is denied as moot. The Government represents that it is aware of, and has met or exceeded (or will meet), its obligations under those cases. (Gov't Mem. 3, 6; Tr. 13). (Notably, in a supplemental letter, the Government advises that it has now disclosed the identities of all the witnesses whose identities Ferndandez seeks in his motion. (Docket No. 36).) Accordingly, there is no basis for judicial intervention at this time. *See, e.g.*, *United States v. Ikoli*, No. 16-CR-148 (AJN), 2017 WL 396681, at *3 (S.D.N.Y. Jan. 26, 2017) (denying a

no obligation to disclose such statements prior to trial (unless they are subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972)); in fact, the Court cannot order early disclosure of statements subject to production under the Jencks Act. *See, e.g.*, 18 U.S.C. § 3500(a); *United States v. Coppa*, 267 F.3d 132, 145 n.10 (2d Cir. 2001) (Jencks Act); *In re United States*, 834 F.2d 283, 286 (2d Cir. 1987) (co-conspirator statements); *United States v. Percevault*, 490 F.2d 126 (2d Cir. 1974) (same).

For similar reasons, the Government is under no obligation to disclose the entire NYPD investigative file. The Government represents that it has disclosed "those portions of the file that fall under Rule 16" of the Federal Rules of Criminal Procedure. (Docket No. 31 ("Gov't Mem."), at 9). Most of the rest of the file consists of witness statements, which are not subject to disclosure for the reasons stated above. (*See id.*). And although Fernandez insists — based solely on the age of the murder at issue — that "justice demands" disclosure, the law is plain that "there is 'no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case.'" *United States v. Sessa*, 711 F.3d 316, 322 (2d Cir. 2013) (quoting *Moore v. Illinois*, 408 U.S. 786, 795 (1972)).

Next, to the extent that Fernandez seeks immediate disclosure of *Brady* and *Giglio* material, the motion is denied as moot. The Government represents that it is aware of, and has met or exceeded (or will meet), its obligations under those cases. (Gov't Mem. 3, 6; Tr. 13). (Notably, in a supplemental letter, the Government advises that it has now disclosed the identities of all the witnesses whose identities Ferndandez seeks in his motion. (Docket No. 36).) Accordingly, there is no basis for judicial intervention at this time. *See, e.g.*, *United States v. Ikoli*, No. 16-CR-148 (AJN), 2017 WL 396681, at *3 (S.D.N.Y. Jan. 26, 2017) (denying a

motion for disclosure of *Brady* and *Giglio* material based on the Government's representation that it knew of, and was in compliance with, its obligations (citing cases)).[2]

Finally, Fernandez moves to preclude the introduction of statements that he made in connection with a federal prosecution in the Southern District of West Virginia based on the language of his plea agreement in that case. (Fernandez Mem. 7). Significantly, however, the Second Circuit has squarely held that "[w]hen the express terms of a plea agreement set forth promises by 'the Government,' . . . the plea agreement binds only the office of the United States Attorney for the district in which the plea is entered unless it affirmatively appears that the agreement contemplates a broader restriction, or unless there is evidence to show that a prosecutor is attempting to evade its own obligations under the plea agreement by transferring a prosecution to another office." *United States v. Salameh*, 152 F.3d 88, 120 (2d Cir. 1998) (internal quotation marks, citations, and brackets omitted). That holding compels denial of Fernandez's motion here, as Fernandez does not suggest, let alone argue, that any prosecutor from the Southern District of West Virginia had any role in bringing the present prosecution; and, despite Fernandez's conclusory claims to the contrary (*see* Fernandez Reply 4-5), the plea agreement he entered into with the United States Attorney's Office for the Southern District of West Virginia does not "contemplate[]" any restriction beyond the borders of that district. To the contrary, the final paragraph of the plea agreement explicitly states that "[t]here are no

---

[2] In his reply brief, Fernandez raises several new requests for disclosure for the first time. (Docket No. 34 ("Fernandez Reply"), at 1, 4 & Ex. A). It is well established that a party may not raise new arguments in a reply. *See, e.g.*, *White v. First Am. Registry*, 592 F. Supp. 2d 681, 683 (S.D.N.Y. 2009). Additionally, under Local Criminal Rule 16.1, a defendant must confer with the Government before raising any discovery-related issues with the Court. *See, e.g.*, *United States v. Molina*, No. 11-CR-528 (JFK), 2013 WL 2455922, at *4 (S.D.N.Y. June 5, 2013) (citing cases). Finally, the Government represents that it is willing to meet and confer with Fernandez's counsel concerning those requests. (Docket No. 36). For all of these reasons, the Court declines to address those requests here.

agreements, understandings or recommendations as to any other pending or future charges against Mr. Fernandez in any Court other than the United States District Court for the Southern District of West Virginia." (Docket No. 28, at Ex. C, ¶ 13).

For the foregoing reasons, Fernandez's motion is denied in its entirety. One housekeeping matter remains: Fernandez redacted information relating to his plea agreement with the United States Attorney's Office for the Southern District of West Virginia throughout his initial motion papers. (*See* Docket Nos. 27-29). At the November 6, 2017 pretrial conference, the Court expressed its skepticism of those redactions given that the relevant information is already in the public record. (Tr. 18). Since that time, any justification for redacting has evaporated altogether, as the information is discussed openly in both the Government's opposition and in Fernandez's *own* reply. (Gov't Mem. 2; Fernandez Reply 4-5). Accordingly, Fernandez's request to file his initial motion papers in redacted form is DENIED. Within one week, Fernandez shall file unredacted copies of his motions papers on ECF.

The Clerk of Court is directed to terminate Docket No. 27.

SO ORDERED.

Dated: December 12, 2017
New York, New York

_____
JESSE M. FURMAN
United States District Judge

4